Eastern District of Kentucky
F I L E D
JAN 20 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 04-599-JBJ

CM & S, INC.,                                                                     PLAINTIFF

VS.                     **MEMORANDUM AND ORDER**

CARLOS MAGGARD,                                      DEFENDANT

*******

       In reviewing the record, including the complaint, answer and cross-motions for summary judgment in this diversity case, several jurisdictional matters have come to the attention of the Court. In addition, the parties have mentioned other court decisions or administrative cases involving matters that may have preclusive effect or otherwise affect the determination of whether there are "genuine issues of material fact" in the present case.

       Every federal court has the obligation to consider its own jurisdiction. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)(reiterating that if jurisdiction is lacking, it cannot be conferred by consent, collusion, laches, waiver, or estoppel); and see, e.g., Borer v. U. S. Dept. of Veterans Affairs, 197 F.3d 232, 235 (6th Cir. 1999). Jurisdictional issues may be raised by a federal court at any stage of a proceeding. Von Dunser v. Aronoff 915 F.2d 1071, 1074-75 (6th Cir. 1990)(remanding for factual findings regarding jurisdiction). In fact, "jurisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue." United States v. Means, 133 F.3d 444 (6th Cir. 1998), citing United States v. Duke, 50 F.3d 571, 574 (8th Cir.), cert. denied, 116 S.Ct. 224 (1995).

       In the present case, the defendant asserts that the plaintiff has named the wrong party as defendant and/or has failed to join certain "indispensible" parties. See DE#2, p. 3-4. First, defendant points out that Maggard Mining, Inc., a Kentucky corporation, obtained its own permit and actually mined the coal, not the named defendant, Carlos Maggard. Defendant asserts that joinder (or substitution) of such corporation would destroy diversity jurisdiction here.

Second, defendant asserts that the NREPC may be an "indispensible" party, given the judgments in favor of that agency in four cited enforcement actions against Clifford Smith, as owner/operator of CM & S, Inc. Although a court may take judicial notice of public documents in related cases, *see* Kramer v. Time Warner, Inc., 937 F.2d 767 (6th Cir. 1991), this Court does not have copies of such decisions, nor has the content or impact of such decisions been briefed by the parties. With respect to plaintiff's claims, defendant alleges that "this matter was purportedly resolved during the year 2001", but other than the reference to the prior decisions, does not fully explain such assertion. If the claims in this case were previously "resolved" in a legally cognizable manner, then there would be no case or controversy before this Court.

In addition, Permit #848-0052, which is the subject of the contract at issue here, expressly indicates at p. 3, ¶15 that it does not operate as a waiver of the agreed order in NREPC v. Clifford Smith and C.M. & S., Inc., File No. PHS-16704-73-II, and the consent judgment in NREPC v. Clifford Smith d/b/a C.M. & S., Inc. and C.M. & S., Inc., civil action no. 90-CI-01794. Copies of those decisions are not in the record before this Court. The permit, at p. 3, ¶17, indicates that "the validity of this permit is expressly conditioned upon the permittee's strict compliance with the terms and conditions" of such decisions. Given that the enforceability of the contract is at issue here, and given that defendant has asserted the affirmative defense of fraud in the making of the contract (for attempting to assign an expired permit), such cases may be relevant to issues in the present case, including the issue of whether there was a lack of consideration or whether there were any permit rights to assign. The information discussed above may also have relevance to the asserted affirmative defense that there was fraud at the inception of the assignment contract.

Third, defendant asserts that Barbara Smith may be an "indispensible" party, referring to a domestic case (presumably a divorce action) of unknown disposition. However, her interest, if any, in CM & S, Inc. is not specified. Defendant further asserts that plaintiff CM & S, Inc. is not the "real party in interest" because all interest in it was assigned to Jeremy Smith by Clifford Smith in August of 2001. Rule 17(a) of the Federal Rules of Civil Procedure requires that "[e]very action shall be prosecuted in the name of the real party in interest". The record does not otherwise identify Jeremy Smith or Barbara Smith, but presumably they are related to plaintiff Clifford Smith. The respective interests, if any, of these individuals in the plaintiff corporation or in the matters at issue here are not apparent. The Court does not presently have before it sufficient information to assess whether this

Court properly has diversity jurisdiction over an actual controversy with all the proper and necessary parties. See Fed.R.Civ.P., Rule 19 "Joinder of Persons Needed for Just Adjudication". Accordingly,

It is **ORDERED** that:

a) the parties are instructed to address the foregoing jurisdictional and joinder issues in writing by February 10, 2006;

b) the defendant shall submit copies of consent judgments, agreed orders, and administrative rulings referenced above, and shall further indicate whether any other cases or enforcement actions involving any issues presently before this Court are currently pending; and

c) the plaintiff shall indicate the family relationship of Barbara and Jeremy Smith to Clifford Smith, and indicate the legal interest, if any, of those individuals in plaintiff CM & S, Inc. or the mining proceeds at issue here;

d) As an alternative to furnishing the information and documentation ordered above, counsel may file a joint stipulation in lieu thereof.

This the 20TH day of January, 2006.



Signed By: 
J. B. Johnson, Jr.
United States Magistrate Judge